NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA,
*Appellee,*

*v.*

JESUS ALONZO VELETA,
*Appellant.*

No. 1 CA-CR 19-0570
FILED 10-8-2020

Appeal from the Superior Court in Maricopa County
No. CR2006-116603-001
The Honorable Jay R. Adleman, Judge
The Honorable A. Craig Blakey II, Judge (retired)

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael T. O'Toole
*Counsel for Appellee*

The Stavris Law Firm, PLLC, Scottsdale
By Christopher Stavris
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge James B. Morse Jr. and Judge Maria Elena Cruz joined.

---

**M c M U R D I E**, Judge:

**¶1**        Jesus Veleta[1] appeals his convictions and sentences for two counts of armed robbery. For the following reasons, we affirm.

### FACTS[2] AND PROCEDURAL BACKGROUND

**¶2**        Veleta robbed two pharmacies in Phoenix in March of 2006. Grand jurors indicted Veleta for two counts of armed robbery involving the threatening exhibition of a gun, each a class 2 dangerous felony. Before the trial, the State moved to dismiss the dangerousness allegation for the second count, and the superior court granted the motion. In January 2007, the court conducted a trial *in absentia* after Veleta failed to appear.

**¶3**        At the trial, the pharmacist victim for the first count testified she saw Veleta carrying a gun. Officers found the gun in a bush near the store. The pharmacist victim for the second count testified that she assumed Veleta had a gun based on how he held his hand to his side, but she did not see a weapon.

**¶4**        The final jury instructions during the guilt phase defined "dangerous offense." The instruction stated that if the jurors found Veleta guilty of the first count of armed robbery, they must determine whether it was a dangerous offense. The instruction stated a dangerous offense involved the threatening exhibition of a deadly weapon, which included a firearm. Likewise, the verdict forms required the jurors to determine for the

---

[1]        On the court's motion, the caption in this matter has been amended to correct the spelling of Veleta's last name. This amended caption shall be used on any future filings.

[2]        We view the facts in the light most favorable to upholding the verdict and resolve all reasonable inferences against the defendant. *State v. Mendoza*, 248 Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

first count whether, if guilty, the offense was dangerous. Veleta did not object to the instructions or verdict form. After the guilt phase, jurors found Veleta guilty of armed robbery for both counts and found the first count was a dangerous offense.

¶5        Officers arrested Veleta pursuant to a bench warrant in April 2019 after he surrendered to the Department of Homeland Security. The court sentenced him to a less-than-presumptive term of eight years' imprisonment for count one and a presumptive term of five years' imprisonment for count two, ordering that the sentences be served concurrently with 214 days' presentence incarceration credit.

¶6        Veleta appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶7        Veleta argues the superior court committed fundamental error by defining "dangerous offense" in the final jury instructions and permitting the jurors to determine whether the first count was a dangerous offense during the trial's guilt phase. He alleges the error prejudiced him by infringing his right to a fair trial, claiming the error tainted the trial's entire guilt phase.

¶8        "[W]e will consider a matter not raised below only if it is a matter of fundamental error." *State v. Bolton*, 182 Ariz. 290, 297 (1995). We will reverse a decision based on fundamental error only if the defendant proves: (1) trial error exists; (2) the error went to the foundation of the case, took away a right essential to the defense, or was so egregious that the defendant could not have possibly received a fair trial; and (3) the error caused prejudice. *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018).

¶9        "When the State alleges a non-capital sentencing aggravator such as dangerousness, the aggravator should not be mentioned in jury instructions or otherwise during the guilt phase of the trial." *State v. Patterson*, 230 Ariz. 270, 277, ¶ 29 (2012) (citation omitted). An exception to the general rule applies when dangerousness is a necessary element of the crime charged, thereby making the crime inherently dangerous. *State v. Larin*, 233 Ariz. 202, 212–13, ¶¶ 36, 41 (App. 2013).

¶10       Here, the indictment for count one alleged Veleta was armed with a deadly weapon *or* simulated deadly weapon. Thus, when the jurors found Veleta guilty of count one, they did not necessarily decide the issue

of dangerousness. *See* A.R.S. § 13-105(13) (definition of dangerous offense); *Larin*, 233 Ariz. at 213, ¶ 41 ("[A] defendant could be convicted of armed robbery for using a simulated deadly weapon without that offense being dangerous."). However, the State did not present evidence to the jury that Veleta used a simulated deadly weapon. Therefore, no reasonable juror could have found Veleta committed the armed robbery with a simulated deadly weapon.

¶11        Even if the court erred by instructing the jurors to determine whether the first count was a dangerous offense during the guilt-phase, Veleta has produced no evidence showing *how* the court's failure to bifurcate the dangerous finding between the guilt and aggravation phases created an unfair trial. The evidence presented at the trial concerning count one included the pharmacist's testimony that Veleta possessed a gun during the robbery and evidence that the officers discovered the weapon in a bush near the store. This evidence was necessary to prove the armed-robbery offense in this case. It was also sufficient for the jurors to conclude count one was a dangerous offense, regardless of whether they heard the evidence during the guilt or aggravation phase. Veleta has not met his burden of proving prejudice. Thus, no fundamental error occurred.

## CONCLUSION

¶12        We affirm Veleta's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:   AA

4